THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL G. LONG, Defendant-Appellee.

Second District No. 2—03—0923

Opinion filed August 25, 2004.

Ronald G. Matekaitis, State's Attorney, of Sycamore (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

822

Richard D. Larson, of Sycamore, for appellee.

JUSTICE CALLUM delivered the opinion of the court:

The State appeals from an order quashing the arrest of defendant, Michael G. Long, and suppressing the evidence stemming from that arrest. It contends that the court erred in finding that defendant lacked actual physical control of his truck at the time of his arrest for driving under the influence (DUI) (625 ILCS 5/11—501(a)(1), (a)(2) (West 2002)). We hold that the uncontested evidence that defendant was lying on the seat of the truck and that the keys were on the floor under the steering column was sufficient to give the arresting officer probable cause to conclude that defendant had actual physical control of the vehicle. We also hold that defendant lacked standing to object to the arresting officer's entry onto the private property where defendant had parked the truck. As a result, we reverse the order of the trial court.

Officer Tim Hoffstead of the Genoa police department arrested defendant for DUI on June 21, 2002. Defendant moved to quash the arrest and suppress the resulting evidence, alleging only that Hoffstead lacked probable cause to make the arrest.

At the suppression hearing, Hoffstead testified that, at approximately 1 a.m. on the night of the arrest, he noticed defendant's pickup truck parked in an alley running from a side street to a parking lot between two businesses that fronted on Main Street in Genoa. The truck's lights and engine were off. Defendant introduced several exhibits, including a map and surveyor's plat, illustrating the layout of the area in which the truck was parked. At defendant's request, Hoffstead pointed out (by drawing on two of the exhibits) the place in which he remembered finding the truck. These exhibits show the truck parked so as to block the alley, which was the only good way to exit the parking lot. Hoffstead understood the alley to be city property and had always patrolled it. (Defendant's exhibits suggest that both the alley and the parking lot were private property.) Because he thought that the alley was an unusual place for a vehicle to be parked at 1 a.m., he went to investigate the truck. When he shined his spotlight on the truck, it appeared to be unoccupied, but, as he approached it while shining his flashlight through the windows, defendant sat up. Hoffstead concluded that defendant had been lying across the front seat. Hoffstead found the keys to the truck on the floor of the driver's side, below the steering column. When he spoke to defendant, he smelled alcohol and noticed that defendant's eyes were glassy and bloodshot.

Defendant testified that he had parked his truck, not in the alley,

but instead near the back of the parking lot in a graveled parking area behind several Dumpsters. He admitted that he had been drinking that night and that, when Hoffstead found him, he had his jeans pulled halfway down because he had been urinating in the truck. Hoffstead confirmed the accuracy of defendant's description of his own condition at the time of his arrest.

The State moved for a directed finding, contending that the evidence showed that Hoffstead had a proper basis to investigate the truck and that defendant had been in actual control of it when Hoffstead found him. Defendant argued that Hoffstead had lacked a proper reason to investigate a vehicle legally parked on private property. The court ruled in the State's favor, finding that, although defendant was on private property, Hoffstead was acting properly in patrolling the lot and that, once Hoffstead encountered defendant, Hoffstead had reasonable grounds to believe that defendant was under the influence of alcohol.

Defendant moved for reconsideration, contending that case law supported the conclusion that he was not in actual physical control of the vehicle when Hoffstead found him. He argued that, under *People v. Cummings*, 176 Ill. App. 3d 293 (1988), and *City of Naperville v. Watson*, 175 Ill. 2d 399 (1997), a court must decide the issue of actual control on a case-by-case basis. He also pointed to *Cummings*'s suggestion that policy considerations should allow a court to find that a defendant is not in actual physical control if the circumstances suggest that he or she is trying to "sleep it off." The State contended that the supreme court in *Watson* had rejected this suggestion. It argued that the law considers that a person within a vehicle and with access to the keys is in actual physical control of the vehicle. The court granted defendant's motion, and the State, having filed a certificate of impairment, now appeals.

■ At the outset, we must decide the appropriate standard of review in this case. The State contends that, because no material facts are in dispute, our review should be *de novo*; defendant contends that, because whether a person has actual physical control of a vehicle is a question of fact, we should reverse the trial court's finding only if it is against the manifest weight of the evidence. We agree with the State that review is *de novo*, although not precisely for the reason the State gives. Any confusion regarding the standard of review stems from the way in which the parties have argued the matter here and in the trial court. Initially, defendant's suppression motion correctly identified the critical question as whether Hoffstead had *probable cause* to conclude that defendant had actual physical control of his truck, and thus whether Hoffstead had probable cause to arrest him. From then on,

however, the parties have argued the matter as though the question were whether defendant *in fact* had actual physical control of the truck. These are different issues, as the probable cause standard does not require that the arresting officer's conclusion that a defendant has committed an offense be correct beyond a reasonable doubt, but only that it be reasonable. *People v. Gherna*, 203 Ill. 2d 165, 176 (2003). We will review the issue the case in fact presents and not follow the false leads of the parties in their briefs.

When reviewing a ruling on the issue of probable cause, because a trial court has the best position to weigh the credibility of the witnesses, observe the witnesses' demeanor, and resolve any conflicts in their testimony, we will uphold its findings of historical fact unless they are against the manifest weight of the evidence. *Gherna*, 203 Ill. 2d at 175. If we accept the findings of fact, we review *de novo* whether suppression is warranted under those facts. *Gherna*, 203 Ill. 2d at 175; see also *People v. Pitman*, 211 Ill. 2d 502, 512-13 (2004) (clarifying that the proper standard of review is that set out in *People v. Sorenson*, 196 Ill. 2d 425, 430-31 (2001), and reiterated in *Gherna*, not the older standard of review given in *People v. Mitchell*, 165 Ill. 2d 211, 230 (1995), as *People v. Morris*, 209 Ill. 2d 137, 153-54 (2004), and *People v. Ledesma*, 206 Ill. 2d 571, 576 (2003), had mistakenly suggested). No dispute exists here over any of the historical facts except the precise location that defendant had parked his truck, which is not material to our analysis. We can therefore review *de novo* the question of whether Hoffstead had probable cause to arrest defendant for DUI. The question of whether defendant *in fact* had actual physical control of the vehicle is not at issue.

In a motion to quash or suppress stemming from a warrantless arrest, the defendant has the initial burden to present a *prima facie* case that, at the time of the arrest, his or her conduct was not indicative of the commission of a crime. *People v. Drake*, 288 Ill. App. 3d 963, 967 (1997). If the defendant satisfies this burden, the State has the burden of proving by a preponderance of the evidence the existence of probable cause. See *People v. Miller*, 346 Ill. App. 3d 972, 986 (2004). Of the several elements that make up the offense of DUI, defendant contends that Hoffstead lacked only a proper basis to believe that defendant "dr[o]ve or [was] in actual physical control of any vehicle" (625 ILCS 5/11—501(a) (West 2002)). Defendant relied heavily on Hoffstead's testimony in his attempt to establish his *prima facie* case. Instead, Hoffstead's testimony showed that he had adequate grounds to believe that defendant had actual physical control of his truck.

■ "Probable cause to arrest exists when the facts known to the officer at the time of the arrest are sufficient to lead a reasonably cau-

tious person to believe that the arrestee has committed a crime." *People v. Love*, 199 Ill. 2d 269, 279 (2002). This standard requires that the officer have more than a mere suspicion, but does not require the officer to have evidence sufficient to convict. *People v. Cokley*, 347 Ill. App. 3d 292, 298 (2004). The existence of probable cause is a commonsense, practical determination that a court should make upon consideration of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 233, 76 L. Ed. 2d 527, 545, 103 S. Ct. 2317, 2329 (1983).

■ Without commenting upon whether the undisputed facts known to Hoffstead at the time of defendant's arrest would be sufficient to sustain at trial a finding of actual physical control beyond a reasonable doubt, we conclude that they were sufficient to establish probable cause. The issue of actual physical control should be resolved on a case-by-case basis, giving weight to such facts as whether the motorist (1) was in the driver's seat of the vehicle, (2) had possession of the ignition key, and (3) was physically able to start the engine and move the vehicle. *Watson*, 175 Ill. 2d at 402. In this case, defendant clearly was in the driver's seat and had his keys close to hand, if not actually in hand. Neither party presented evidence regarding defendant's ability to move the vehicle. We recognize that the typical case in which courts have upheld the conviction of a sleeping or passed-out driver has involved a defendant who left the keys in the ignition. See *Watson*, 175 Ill. 2d at 402 (listing cases where courts upheld a finding that a sleeping driver was in actual physical control; all involved drivers who left keys in the ignition). Nevertheless, courts have affirmed convictions on less-than-the-strongest-possible evidence. For instance, in *People v. Davis*, 205 Ill. App. 3d 431, 433, 436 (1990), the court sustained a conviction when the keys were in the ignition, but the defendant had gone to the backseat and zipped himself into a sleeping bag. We conclude that the facts known to Hoffstead at the time he arrested defendant are similar to those on which courts have affirmed convictions. For the kind of practical, commonsense judgment involved in a probable cause determination, this was more than sufficient.

Defendant contends that we can uphold the suppression on the alternative basis that Hoffstead's entry onto private property to investigate defendant's vehicle was improper. Defendant fails to provide any grounds on which we could conclude that he has standing to make such an argument. A defendant's standing to claim fourth amendment protection depends upon whether he or she has a legitimate expectation of privacy in the place invaded. *People v. Kidd*, 178 Ill. 2d 92, 135 (1997). Factors a court should consider are (1) who owned the property; (2) whether the defendant was legitimately present in the area searched; (3) whether the defendant had a posses-

sory interest in the area or the property seized; (4) whether the defendant had previously used the area searched or the area seized; (5) whether the defendant had the ability to control the property or to exclude others from using it; and (6) whether the defendant had a subjective expectation of privacy in the property. *Kidd*, 178 Ill. 2d at 135-36. Of these factors, the only one that could possibly favor defendant is (2): defendant may have been in a permitted parking spot. This is clearly insufficient to give defendant standing. See *People v. Rios*, 278 Ill. App. 3d 1013, 1015-16 (1996) (holding that tradespeople working in a building and storing tools there lacked standing to object to a search of the building).

For the reasons stated, we reverse the order of the circuit court of De Kalb County quashing defendant's arrest and suppressing the evidence deriving from that arrest, and we remand the matter for further proceedings.

Reversed and remanded.

McLAREN and BYRNE, JJ., concur.