No. 2--05--0046                    modified: 1/24/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) ) ) | Nos. 03--CM--1898 03--DT--687 03--TR--21133 03--TR--21134 |
| DANNY R. SLINKARD, | ) ) | Honorable William H. Weir, |
| Defendant-Appellant. | ) | Judge, Presiding. |

Modified Upon Denial of Rehearing

JUSTICE CALLUM delivered the opinion of the court:

The issue presented in this appeal is whether defendant, Danny R. Slinkard, was proved guilty beyond a reasonable doubt of driving while under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2002)), improper lane usage (625 ILCS 5/11--709(a) (West 2002)), and leaving the scene of an automobile accident (625 ILCS 5/11--402(a) (West 2002)). Defendant contends that the State failed to prove him guilty of these offenses because no evidence indicated that he drove or had control over the vehicle involved in these crimes. We affirm.

According to the parties' agreed statement of facts, the following evidence was presented at trial. On November 10, 2003, at approximately 8:47 p.m., Officer Jason Watson responded to a hit-and-run automobile accident at 637 South Second Street in De Kalb. When Officer Watson arrived

at the scene, he observed David Fermanich's truck, which had sustained damage to the left rear side, parked partially on the lawn next to the parkway. Officer Watson also saw debris lying in the street where Fermanich's truck had been struck. Fermanich told Officer Watson that his truck had been parked on the street next to the curb in front of his home. While inside of his house, Fermanich heard a loud crash. He looked out a window in his home and saw a dark-colored truck or sport utility vehicle (SUV) driving south on Second Street. Fermanich provided substantially similar testimony about the accident. Additionally, he testified that he did not know the make or model of the dark-colored vehicle, he did not see who was driving the vehicle, and he did not obtain the vehicle's license plate number.

Officer Watson testified that, a few minutes after he arrived at Fermanich's home, a radio dispatcher informed him that a man had been observed inside of a burning vehicle a few blocks away. Officer Watson left Second Street and proceeded to 630 Best Avenue, where he saw a red SUV, which had extensive front-end damage and was emitting smoke. He saw defendant staggering in the side yard of the house at 630 Best Avenue. Officer Watson also observed defendant's mother standing at the front door of the home, talking with defendant. While pointing to the red SUV, Officer Watson asked defendant whether he owned the vehicle. Defendant responded, "[W]hat vehicle?" During his continued conversation with defendant, Officer Watson noticed that defendant smelled strongly of alcohol, slurred his speech, swayed while standing, and had bloodshot eyes. Based on these observations, Officer Watson believed that defendant was highly intoxicated, a belief that subsequent blood-alcohol tests confirmed. Officer Watson also learned later that defendant was the registered owner of the SUV. The registration listed defendant's address as 630 Best Avenue.

Based on the circumstantial evidence presented, the trial court found defendant guilty of, among other things, DUI, improper lane usage, and leaving the scene of an automobile accident.

Defendant moved for a new trial or acquittal, contending that he was not proved guilty beyond a reasonable doubt. The trial court denied the motion and then imposed concurrent sentences of 18 months' conditional discharge. This timely appeal followed.

On appeal, defendant argues that he was not proved guilty beyond a reasonable doubt of DUI, improper lane usage, and leaving the scene of an automobile accident, because no evidence indicated that he drove or had control over the vehicle involved in the accident. "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." People v. Collins, 106 Ill. 2d 237, 261 (1985). In considering a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. Collins, 106 Ill. 2d at 261. Rather, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) Collins, 106 Ill. 2d at 261, quoting Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). The trier of fact must assess the credibility of the witnesses and the weight of their testimony, resolve conflicts in the evidence, and draw reasonable inferences from that evidence, and this court will not substitute its judgment for that of the trier of fact on these matters. People v. Ortiz, 196 Ill. 2d 236, 259 (2001).

A criminal conviction may be based on circumstantial evidence, as long as it satisfies proof beyond a reasonable doubt of the charged offense. People v. Hall, 194 Ill. 2d 305, 330 (2000). In a case based on circumstantial evidence, the trier of fact need not be satisfied beyond a reasonable doubt as to each link in the chain of circumstances if all the evidence considered collectively satisfies the trier of fact beyond a reasonable doubt that the defendant is guilty. Hall, 194 Ill. 2d at 330. Considering the facts of this case, we conclude that the evidence established beyond a

reasonable doubt that defendant drove the vehicle involved in the accident. Specifically, the evidence established that Officer Watson was dispatched to Fermanich's home, the site of a hit-and-run rear-end accident. When Officer Watson arrived at Fermanich's house, he observed that Fermanich's truck had sustained extensive rear-end damage. Fermanich relayed to Officer Watson that he saw an SUV-type vehicle driving away from the accident in front of his house. Mere minutes after Officer Watson arrived at the first accident scene, the officer was dispatched to another location a few blocks away. When Officer Watson arrived at the second location, defendant's home, he observed a red SUV, a vehicle that defendant owned, emitting smoke from the extensively damaged front portion of the vehicle. The information available to Officer Watson from the first accident scene, i.e., the type of vehicle the hit-and-run driver drove and the nature of the automobile accident, was consistent with the evidence facing Officer Watson minutes later at the second accident scene.

This circumstantial evidence, when considered collectively, allows the conclusion that defendant drove his SUV into Fermanich's truck. Although defendant's mother was also outside defendant's home and, thus, near the red SUV, the trial court was not bound to accept defendant's contention that his mother drove the vehicle that evening. See People v. Brown, 309 Ill. App. 3d 599, 608 (1999) (observing that proof beyond a reasonable doubt does not require the exclusion of every possible doubt). Combined with what Officer Watson observed when he came upon the damaged SUV, the fact that defendant owned the SUV supports an inference that he was driving it. "While other people may drive an owner's vehicle, it is clear that the owner will do the vast amount of driving." People v. Barnes, 152 Ill. App. 3d 1004, 1006 (1987). Accordingly, where, as here, the owner is standing near the vehicle after an accident, the trier of fact reasonably may infer that the owner of the vehicle was its driver. People v. Rhoden, 253 Ill. App. 3d 805, 812 (1993). Here, defendant's mother was standing at the doorway of the home while defendant was in the side yard.

That defendant was still staggering about outside supports a reasonable inference that he, not his mother, had just exited his vehicle after driving it.

In several cases where the defendant denied driving and another person present at the scene could have operated the vehicle, courts nevertheless have concluded that the defendant was in fact the driver. These courts based their conclusion on physical evidence collected at the accident scene and the defendant's proximity to the vehicle. Stewart v. State, 233 Ga. App. 607, 608-09, 504 S.E.2d 770, 772 (1998) (conviction upheld even though the defendant and the other occupant of the vehicle were taken from the scene before the police arrived, both occupants denied driving, and the defendant claimed a third person who fled the scene was the driver; the defendant was intoxicated, and the nature of his injuries was consistent with the damage to the driver's side of the vehicle); Frye v. State, 189 Ga. App. 181, 181-82, 375 S.E.2d 101, 102 (1988) (circumstantial evidence was sufficient to support the defendant's conviction of drunk driving even though the police officer did not see the defendant drive the automobile and an unidentified person was seen nearby; the police officer discovered the defendant staggering near the overturned automobile, the state of the defendant's clothing indicated he had crawled out of the automobile, and the automobile was registered to the defendant); State v. Hughes, 355 N.W.2d 500, 502 (Minn. App. 1984) (evidence that the defendant was seen lying unconscious in the weeds 8 to 10 feet from his damaged motorcycle was sufficient to establish that the defendant was the driver and not, as he claimed, a passenger). Here, too, the physical condition of defendant's car compared to that of Fermanich's car, coupled with the fact that defendant was seen near his vehicle mere minutes after the hit-and-run accident, leads us to conclude that the trier of fact reasonably could have found that defendant was driving his vehicle shortly before the police came upon it.

With specific reference to his DUI conviction, defendant contends that lacking in this case is evidence that he was in the driver's seat of the vehicle or in possession of the ignition key. Relying on People v. Davis, 205 Ill. App. 3d 431 (1990), defendant claims that such evidence is essential to prove him guilty beyond a reasonable doubt. We disagree.

In Davis, the court noted four factors that could be considered in deciding whether a defendant exercised actual physical control over a vehicle. Davis, 205 Ill. App. 3d at 435. Those factors are: (1) whether the defendant was positioned in the driver's seat; (2) whether the defendant possessed the ignition key; (3) whether the defendant was alone in the vehicle; and (4) whether the vehicle's doors were locked. Davis, 205 Ill. App. 3d at 435.

Although these factors provide a guideline in determining whether a defendant exercised physical control over a vehicle, that list is not exhaustive. Rather, several cases that have addressed whether a defendant exercised physical control over a vehicle have stressed that the issue must be decided on a case-by-case basis. See, e.g., People v. Cummings, 176 Ill. App. 3d 293, 295 (1988). In some instances, the analysis has included the fact that the defendant possessed the ignition key (see People v. Long, 351 Ill. App. 3d 821, 825 (2004)) or the inference that the defendant must have driven the car earlier (see People v. Niemiro, 256 Ill. App. 3d 904, 909-10 (1993)). However, even Davis, the seminal case that addressed the factors to which defendant cites, stressed that such facts, or the absence of such facts, is not controlling. See Davis, 205 Ill. App. 3d at 436 (noting that State need not prove that the defendant was positioned in the driver's seat in order to establish that the defendant exercised physical control over the vehicle, because to so hold would contradict the admonishment that actual physical control is a question of fact that must be decided on a case-by-case basis). Applying this logic to the facts presented here, we cannot conclude that the absence of the factors delineated in Davis mandates a conclusion that defendant was not proved guilty beyond a

reasonable doubt, especially when, as noted, many other facts particular to this case suggest otherwise.

For these reasons, the judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

O'MALLEY and KAPALA, JJ., concur.