2020 IL App (1st) 190130-U

No. 1-19-0130

Order filed June 2, 2020

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 14174 |
| | ) | |
| MICHAEL GONZALEZ, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's conviction for aggravated driving under the influence of alcohol affirmed over his assertion of entrapment and ineffective assistance of counsel.

¶ 2    Following a bench trial, defendant Michael Gonzalez was convicted of aggravated driving under the influence of alcohol (DUI) and sentenced to four years' imprisonment. On appeal, defendant argues that the affirmative defense of entrapment created a reasonable doubt as to his

guilt and that he is entitled to a new trial due to his attorney's failure to present an entrapment defense at trial.

¶ 3     Defendant was charged with two counts of aggravated DUI for driving or being in actual physical control of a motor vehicle while under the influence of alcohol despite prior DUI convictions.

¶ 4     At trial, Chicago police officer John Doyle testified that, at approximately 4:30 p.m. on August 14, 2016, he and his partner were on patrol on West 18th Street in Chicago when "a guy on a bike waved [them] down and said he had [been involved] in an altercation with a motorist." He pointed to a guy seated in a vehicle parked less than a block away. The officers "decided to go investigate the allegation."

¶ 5     The vehice was parked "kind of straddling a fire lane or bike lane." As Doyle approached the driver's side, he observed the defendant was seated alone behind the wheel. The keys were in the ignition and the vehicle was running. During a short conversation with the defendant, Doyle noticed a strong odor of alcohol on his breath. The defendant was still in the vehicle when Officers Barerra and Smith arrived and took over the investigation. Doyle recovered an open can of Budweiser from inside the front passenger compartment of the vehicle. Doyle does not recall asking the defendant to move the vehicle our of the bike lane so it was properly parked.

¶ 6     Barrera testified that, when he arrived at the scene, defendant was shirtless and unable to produce a driver's license. Barerra also noticed a strong odor of alcohol on defendant's breath. Although defendant agreed to take standard field sobriety tests and exited the vehicle when ordered to do so, he "appeared confused" and "was staring into space." He took about a minute to put his

shirt on after repeated attempts. His speech was "mumbled and thick tongued," meaning that "he [was not] enunciating. The words [were not] clear."

¶ 7    Barrera administered three standard field sobriety tests to defendant: the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test. As the tests were being administered, defendant was initially cooperative, but later became "defiant and combative." Based on Barrera's personal and professional experience, the results of the sobriety tests, the strong odor of alcohol on defendant's breath, defendant's behavior at the scene and the beer can recovered from the vehicle, Barrera believed that "the defendant was under the influence of alcohol."

¶ 8    Defendant was arrested and transported to the police station, where he refused to take a breathalizer test. Barerra never saw the defendant driving the vehicle, but he remembers Doyle telling him at the scene that he told defendant "to move his car." The contents of the Budweiser can recovered from the vehicle contained "5 percent ethanol by volume."

¶ 9    Defense witness Ali Kadan testified that, on the afternoon of August 14, 2016, he drove to pick up food from a restaurant on 18th Street with defendant and Rick Lopez in a vehicle owned by defendant's mother. Defendant sat in the front passenger seat and Lopez sat in the backseat. Kadan parked the vehicle on 18th Street "in the bus zone, a little pas[t] the bus stop sign where the wheel well was over the line." When Kadan returned from the restaurant, Lopez told him that defendant was being arrested for something involving a bicyclist. Kadan never saw the defendant driving or drinking beer in the vehicle, but admitted that there was a beer inside the vehicle "in the back console," which was "kind of connected from the front to the back." According to Kadan, Lopez was drinking in the vehicle, but he and defendant were not. He told Doyle that he drove to the restaurant but admits that he does not know what happened while he was inside.

¶ 10    In finding defendant guilty of aggravated driving under the influence of alcohol, the trial judge reasoned, as follows:

> "The State has to prove that defendant either drove or was in actual physical possession of the car. I don't have to concern myself with his driving. I heard that he was behind the wheel of a car, the car was running, keys in the ignition. [Defendant] was in actual physical control. The State has proven that beyond a reasonable doubt. And as to the question of whether he was under the influence of alcohol . . . the State has proven beyond a reasonable doubt that defendant was under the influence of alcohol."

¶ 11    Defendant filed several posttrial motions, one of which requested reconsideration of his conviction based on the affirmative defense of entrapment, arguing that Doyle had ordered him to move the vehicle into a legal parking spot. The trial court denied defendant's posttrial motions and sentenced him to four years in the Illinois Department of Corrections. Defendant timely appealed.

¶ 12    On appeal, defendant argues that the evidence in this case raises a reasonable doubt as to his guilt based on the affirmative defense of "driving entrapment." Specifically, he asserts that the the uncontradicted evidence shows "the police instructed [him] to . . . move the vehicle out of the bike lane." Where, as here, the sufficiency of the evidence is challenged, the relevant inquiry is whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *People v. Pizarro*, 2020 IL App (1st) 170651, ¶ 29 (citing, *inter alia*, *People v. Smith*, 185 Ill. 2d 532, 541 (1999)). Upon review, we may not substitute our judgment for that of the trier of fact with respect to the weight of the evidence or the credibility of witnesses, and we will not reverse a conviction unless the evidence is so improbable, unreasonable, or unsatisfactory as to justify a reasonble doubt of defendant's guilt. *People v. Jackson*, 232 Ill. 2d 246, 280-81 (2009); *People v. Rowell*, 229 Ill. 2d 82, 98 (2008).

¶ 13    To sustain the charge of DUI, the State must prove that defendant drove or was in "actual physical control" of a vehicle and that he was under the influence of alcohol. 625 ILCS 5/11-501(a)(2) (West 2016). A defendant convicted of DUI is guilty of aggravated DUI if it his third (or more) violation of the DUI statute. 625 ILCS 5/11-501(d)(1)(A) (West 2016).

¶ 14    Defendant does not challenge the sufficiency of the evidence as to his intoxication or his prior DUI convictions. Defendant's sole argument is that there is no evidence that he ever drove the vehicle except Barerra's testimony that Doyle instructed him to move the vehicle. Regardless, the evidence shows that defendant was in actual physical control of the vehicle before Doyle even arrived.

¶ 15    "In Illinois, a vehicle need not be moving or the engine running for the driver to be in actual physical control for purposes of driving under the influence." *People v. Morris*, 2014 IL App (1st) 130512, ¶ 28.  Actual physical control is determined on a case-by-case basis, giving consideration to factors such as whether the defendant possessed the key to the ignition, was positioned in the driver's seat, was alone in the vehicle, and whether the doors were locked. *People v. Slinkard*, 362 Ill. App. 3d 855, 859 (2005).

¶ 16    In this case, the evidence established that when the police arrived at the scene, defendant was the sole occupant of the vehicle, he was in the driver's seat, and the vehicle was running with the key in the ignition.[1] Applying the court's analysis in *Slinkard* to the facts of the instant case, the State proved that defendant was in actual physical control of the vehicle beyond a reasonable doubt.

---

[1] Under Illinois law, the engine did not even have to be running to establish actual physical control (*Morris*, 2014 IL App (1st) 130512, ¶ 28).

¶ 17    Defendant also argues that the State failed to meet its burden of rebutting his affirmative defense. Entrapment is a statutory defense, providing that "[a] person is not guilty of an offense if his or her conduct is incited or induced by a public officer or employee * * * for the purpose of obtaining evidence for the prosecution of that person." 720 ILCS 5/7-12 (West 2004). By raising entrapment as an affirmative defense, a defendant necessarily admits committing the crime, albeit with improper governmental inducement. *People v. Bonner*, 385 Ill. App. 3d 141, 145 (2008). Entrapment requires a defendant to show both that the State improperly induced him to commit a crime and that he was not otherwise predisposed to commit the offense. *People v. Sanchez*, 388 Ill. App. 3d 467, 474 (2009). "Once a defendant presents some evidence, however slight, to support an entrapment defense, the State bears the burden to rebut the entrapment defense beyond a reasonable doubt." *Bonner*, 385 Ill. App. 3d at 145 (quoting *People v. Rivas*, 302 Ill. App. 3d 421, 432-33 (1998)).

¶ 18    Defendant asserts that Barrera's testimony that Doyle told him to move the vehicle established the requisite slight evidence necessary to support an entrapment defense, which the State then had the burden to rebut. We disagree. Where a defendant wishes to assert an affirmative defense, he must notify the State and the court of this fact. *People v. Collier*, 329 Ill. App. 3d 744, 752 (2002); IL S. Ct. Rule 413(d) (eff. July 1, 1982) ("Subject to constitutional limitations and within a reasonable time after the filing of a written motion by the State, defense counsel shall inform the State of any defenses which he intends to make at a hearing or trial."). The mere presence of some slight evidence supporting an affirmative defense is not enough to impose a burden of rebuttal on the State. *People v. Bardsley*, 2017 IL App (2d) 150209,

¶ 19    Here, defendant did not raise the affirmative defense of entrapment in his answer as required by Rule 413(d). This defense was first raised in a posttrial motion. At trial, defendant called Ali Kadan, who testified that defendant (1) was seated in the front passenger seat of the vehicle, not behind the wheel, (2) never drove the vehicle, (3) was not drinking alcohol and (4) was not drunk.

¶ 20    The State is not required to rebut an entrapment defense that was not raised at trial. *Id.* In addition, the entrapment defense is unavailable where, as here, the defendant denies committing the offense. *People v. Montes*, 2015 IL App (2d) 140485, ¶ 19.

¶ 21    Defendant also argues ineffective assistance of trial counsel based on counsel's failure to present the entrapment defense at trial. Ineffective assistance of counsel claims are evaluated under *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Cherry*, 2016 IL 118728, ¶ 24. Defendant must show that his trial counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness and that the deficient performance so prejudiced defendant as to deny him a fair trial. *Id.* Prejudice is a reasonable probability that the outcome of the trial would have been different or that the result of the proceeding was unreliable or fundamentally unfair. *Strickland*, 466 U.S. at 687-88; *People v. Hall*, 217 Ill. 2d 324, 334 (2005). Defendant's failure to satisfy either prong of the *Strickland* test precludes a finding of ineffective assistance of counsel. *Strickland*, 455 U.S. at 697; *People v. Houston*, 226 Ill. 2d 135, 144-45 (2007).

¶ 22    Counsel's performance is presumed to be reasonable, and " 'strategic choices, made after investigating the law and the facts, are virtually unchallengeable.' " *People v. Velez*, 388 Ill. App. 3d 493, 502-503 (2009) (quoting *People v. Griffin*, 178 Ill. 2d 65, 86 (1997)). A defendant who claims ineffective assistance of counsel has the burden to "overcome the strong presumption that

counsel's action or inaction was the result of sound trial strategy." *People v. Anderson*, 2013 IL App (2d) 111183, ¶ 54 (citing *People v. Ramsey*, 239 Ill. 2d 342, 433 (2010)). "[D]ecisions on what evidence to present and which witnesses to call rest with trial counsel and are generally immune from claims of ineffective assistance of counsel, as they are matters of trial strategy." *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 44 (citing *People v. Ward*, 187 Ill. 2d 249, 261-62 (1999)).

¶ 23     Given the theory of defense in this case, that defendant never drove the vehicle and was not intoxicated, not raising an entrapment defense was a sound and reasonable strategic decision. Therefore, the defendant has failed to satisfy the first prong of the *Strickland* test and his ineffective assistance of counsel claim fails.

¶ 24     For the reasons stated, we affirm defendant's conviction.

¶ 25     Affirmed.