# Illinois Official Reports

## Appellate Court

---

### *People v. Cox*, 2020 IL App (2d) 171004

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID M. COX, Defendant-Appellant. |
| District & No. | Second District<br>No. 2-17-1004 |
| Filed | February 27, 2020 |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 17-DT-150; the Hon. Philip G. Montgomery, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, Bryan G. Lesser, and Yasemin Eken, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Richard D. Amato, State's Attorney, of Sycamore (Patrick Delfino, Edward R. Psenicka, and Katrina M. Kuhn, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br>Presiding Justice Birkett and Justice Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1        Following a bench trial, defendant, David M. Cox, was convicted of driving under the influence of alcohol (DUI) pursuant to section 11-501(a)(1) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(1) (West 2016)). He appeals, contending that he was not proved guilty beyond a reasonable doubt where the evidence showed only that he was standing outside a running vehicle that another person was equally capable of entering. We affirm.

¶ 2                                      I. BACKGROUND

¶ 3        Defendant was charged with driving or being in actual physical control of a vehicle while under the influence and various traffic offenses. At trial, Tyler Burgin testified that he was driving on Route 64 near Sycamore on April 15, 2017, when he saw a Chevrolet pickup driving erratically. He called 911 and followed the truck down a gravel road into an RV park. He lost sight of the truck but, when an officer arrived, he pointed toward the back of the park. Burgin never saw who was driving the truck.

¶ 4        De Kalb County Sheriff's Deputy Noelle Wold was dispatched to the scene. She saw defendant standing next to the driver's side of a blue Chevrolet Silverado. The truck was running, and the driver's side door was open. Philip Deethardt, defendant's friend, was standing by the passenger side. As Wold approached defendant, she noticed that his eyes were glassy and "droopy" and that he had a strong odor of alcohol on his breath. She noticed his groin was wet, possibly from urine. She saw an open beer bottle in the center console inside the vehicle.

¶ 5        After administering field sobriety tests, Wold concluded that defendant was too intoxicated to drive. He was later arrested for DUI. A breath test showed that defendant's breath-alcohol concentration was more than 0.08.

¶ 6        Near the end of Wold's direct testimony, the prosecutor sought to introduce a dashcam video of the incident. Wold testified that it accurately depicted the events of that evening. The court asked defense counsel if she had any objection, to which she replied, "No."

¶ 7        The prosecutor told the trial court that he wished to "admit [the video] into evidence" for the court to review later. There was no discussion about whether the video was being admitted for a limited purpose. Defense counsel did not formally object and said that she trusted the court to view the video.

¶ 8        De Kalb County Sheriff's Deputy Doug Brouwer testified that, less than 10 minutes after being dispatched to the scene, he and Wold entered the RV park and discovered a vehicle matching the description Burgin gave. When he met defendant at the scene, defendant was walking from the open driver's door toward the rear of the truck. The truck's lights were off, but the radio was on, and the truck had fresh mud on the exterior as if it had recently been driven.

¶ 9        Brouwer inventoried the truck. He found several open beer cans as well as a cooler with unopened beer. In the center console, he found defendant's phone, Deethardt's phone, and Deethardt's wallet.

¶ 10        In closing, the prosecutor referred to the truck as "defendant's vehicle." The trial court overruled a defense objection, but stated, "I don't believe there's been any evidence to suggest that the truck was the defendant's." The prosecutor stated that the court was "[c]orrect."

¶ 11 The trial court found defendant guilty of DUI. The trial court found that defendant was in actual physical control of the vehicle. The court reasoned that "the truck running, with the headlights on, the defendant outside the driver's side door with the door open, with the keys in the ignition," was enough to establish defendant's actual physical control of the truck, regardless of whether he actually drove it. The court, however, found defendant not guilty of the related traffic offense, finding insufficient evidence "to prove beyond a reasonable doubt that he was the person driving the car" when Burgin observed it driving erratically.

¶ 12 The trial court denied defendant's motion to reconsider and sentenced him to 18 months' court supervision. Defendant timely appeals.

¶ 13                                    II. ANALYSIS

¶ 14 Defendant contends that the evidence was insufficient to prove that he was in actual physical control of the truck. "When reviewing the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Bishop*, 218 Ill. 2d 232, 249 (2006) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

¶ 15 Defendant was convicted of being in actual physical control of a vehicle while under the influence of alcohol. Section 11-501 of the Illinois Vehicle Code provides that "[a] person shall not drive or be in actual physical control of any vehicle within this State while *** under the influence of alcohol." 625 ILCS 5/11-501(a)(2) (West 2016).

¶ 16 As defendant concedes, one need not be in the driver's seat of a vehicle to be in actual physical control of it; he or she need only have the capability or potential of operating the vehicle. *People v. Niemiro*, 256 Ill. App. 3d 904, 909 (1993). Several Illinois courts have found a person to be in actual physical control of a vehicle, despite not being in the driver's seat. In *People v. Davis*, 205 Ill. App. 3d 431, 433 (1990), the defendant was found zipped inside a sleeping bag in the backseat. In *People v. Eyen*, 291 Ill. App. 3d 38, 43-44 (1997), the defendant was pushing his car down the road with no one else present. In *People v. Slinkard*, 362 Ill. App. 3d 855, 858 (2005), the police investigating a reported accident found the defendant staggering near a vehicle, which was emitting smoke and registered to him.

¶ 17 Defendant contends that these cases are distinguishable because, in *Davis*, it was undisputed that the defendant was the vehicle's sole occupant and that no one else could have had control of it, while in *Eyen* and *Slinkard*, it was undisputed that the defendants owned the vehicles involved. Defendant argues that Deethardt was equally close to the truck, his personal property was found inside, and there was no proof of who owned the truck.

¶ 18 First, exclusivity is not dispositive. *Davis* does not hold that, to be in actual physical control of a vehicle, a defendant must be the *only* person who could have exerted control over it. Defendant, standing outside the open driver's side door, was in a much better position to exert control over the truck than was Deethardt. He was also in a better position to exert control over the subject vehicle than was the defendant in *Davis*, who was zipped inside a sleeping bag in the backseat.

¶ 19 Second, ownership of the vehicle is not dispositive, either. Defendant's ability to get in the running vehicle and drive did not depend on his ownership of it. While ownership may be a factor indicating actual physical control, it is not a prerequisite to such a showing.

¶ 20    Citing *Davis*, defendant lists four factors commonly considered when deciding whether a defendant was in actual physical control of a vehicle. None involves ownership of the vehicle. To hold that ownership is a *sine qua non* to being in actual physical control would mean, for example, that an intoxicated person in the driver's seat of a stolen vehicle could never be convicted of DUI so long as the vehicle remained stationary. In any event, the recovery of defendant's personal property from the center console permitted the reasonable inference that he had recently been in the vehicle.

¶ 21    *People v. Ammons*, 103 Ill. App. 2d 441 (1968), on which defendant relies, also is readily distinguishable and does not compel reversal. There, the defendant was found on the floor on the *passenger* side of the vehicle. *Id.* at 444; see also *People v. Foster*, 138 Ill. App. 3d 44 (1985) (conviction reversed where, despite defendant's admission to being the driver, he was found in the passenger seat under circumstances making it unlikely he could have changed positions after car stopped).

¶ 22    The State disputes defendant's denial in his brief that he owned the truck. According to the State, defendant can be heard on the dashcam video referring to the vehicle as "his truck," claiming that he started it so that he could listen to "his music." Later, an officer recovered keys from defendant's pocket. When the officer asked if they were for the "same truck," defendant said that they were.

¶ 23    In his reply brief, defendant contends that the video was admitted for the limited purpose of showing defendant's performance on field sobriety tests and, moreover, that neither the prosecutor nor the trial court referred to these statements in recounting the evidence. Defendant points out that, during closing argument, the trial court specifically mentioned that there had been no evidence that the truck belonged to defendant, and the prosecutor agreed.

¶ 24    We need not consider whether defendant's statements about the truck were admitted to show ownership, as the other evidence was sufficient to prove that defendant was in actual physical control of the truck. We note only that, despite the prosecutor's concession that there was no evidence of ownership, the statement is on the video, which the court stated it would view. It is unclear why the State did not refer to this evidence or introduce other evidence to prove ownership of the truck, but the remaining evidence of guilt was sufficient without it. After viewing the evidence in the light most favorable to the prosecution, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that defendant was in actual physical control of the truck.

¶ 25                                III. CONCLUSION

¶ 26    The judgment of the circuit court of De Kalb County is affirmed.

¶ 27    Affirmed.