2024 IL App (1st) 232482

SECOND DIVISION
March 19, 2024

No. 1-23-2482B

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos. 23 CR 380001, 23 CR |
| | ) | 380401 |
| JARIUS HONGO, | ) | Honorable |
| | ) | Thomas J. Byrne, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Justices Ellis and Cobbs concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Jarius Hongo, appeals the trial court's judgment denying pretrial release. The record shows that defendant is charged with the offense of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)), two counts of unlawful use or possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)), and two counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2022)). The charges stem from a March 2, 2023, incident in which defendant, who has prior convictions for attempted murder and aggravated unlawful use of a weapon, was found in possession of a loaded 9-millimeter pistol with a 33-round capacity extended magazine.

¶ 2       On October 16, 2023, defendant filed a petition for release, in which he argued that he was being held on bail that had been previously set, which he had been unable to afford. Defendant asserted that he was neither a flight risk nor presented any danger to the community.

¶ 3       On October 17, 2023, the State filed a petition for a pretrial detention hearing. The State asserted that defendant had committed an eligible offense, being an armed habitual criminal, and that he posed a real and present threat to the safety of the community based on the specific facts of the case. In particular, the State asserted that the facts showed that defendant, while being placed into custody on two murder investigations, was found to be in possession of a 9-millimeter pistol with a 33-round capacity magazine. The State further asserted that defendant was on parole at the time and that he had prior convictions for attempted murder and aggravated unlawful use of a weapon. Additionally, the State noted that, after being taken into custody, defendant was taken to the hospital for a mental health evaluation, during which he punched a hospital security guard in the head and tried to bite him.

¶ 4       On October 17, 2023, the court held a hearing on the parties' respective petitions. The State's factual proffer provided that on March 2, 2023, around 4:20 p.m., officers approached defendant at a gas station in Dolton, Illinois, to place him into custody "in relation to two homicide investigations." A custodial search of defendant was conducted, and a loaded 9-millimeter pistol with a 33 round capacity extended magazine was recovered from defendant's front waistband. At the time of his arrest, defendant was on parole, and had prior convictions for attempted first degree murder and aggravated unlawful use of a weapon. Subsequent to his arrest, and while

> "in police custody[,] the defendant was transported to a hospital for a mental health evaluation. The defendant became combative and needed to be restrained and sedated. Before that happened, before he was sedated, the defendant punched a

uniform[ed] hospital security guard in the head, tried to bite that guard's arm and spit in his direction."

¶ 5    Based on the above facts, the State argued that no condition or combination of conditions could mitigate the risks that the defendant poses to any person or persons in the community. The State clarified that the defendant was also charged in relation to the aggravated battery of a peace officer but that the charge was a "non-detainable offense" and that the State was electing to bring the petition based on defendant's armed habitual criminal charge, which was detainable.

¶ 6    Defense counsel argued against pretrial detention, asserting that defendant had not committed any offenses before the officers approached him at the gas station. Counsel argued that he did not brandish or threaten anyone with the weapon and that he did not flee or resist the officers. Counsel also asserted that, since the time that defendant was taken into custody, his son was born, which gave defendant "purpose and *** reason to lead a life different than the criminal life that he was born into." Counsel argued that being released on home confinement was sufficient to ensure the safety of the community and defendant's presence at future court dates. Counsel further argued that, if released, defendant was already subject to monitoring by the Department of Corrections due to his parole status, which counsel argued would further ensure the safety of the community. Counsel also asserted that it was "important[ ] *** to note" that defendant had bail set previously in an amount that was "too high for a person of the defendant's means" but was "not unreasonably high."

¶ 7    In ruling, the court rejected the defense's argument that he was not committing a crime at the time he was approached by officers, explaining that the position was "clearly at odds with what the State put on the record," that defendant was armed with a "pistol with an extended magazine

with 33 live rounds in that extended clip. That would certainly be a violation of the terms of the parole and the law, the defendant being a convicted felon."

¶ 8    The court found that the offense of being an armed habitual criminal was a detainable offense and that the State's proffer "certainly indicates to this court a clear danger to the public at large." In particular, the court found that defendant's "willingness to be a in a public place, a gas station, as a convicted felon" with a "pistol with that extended magazine, or a high-capacity magazine, certainly his criminal background, attempt[ed] first degree murder conviction and prior weapons offenses indicate a clear and present danger to the community." The court further found that defendant's conduct after being placed into custody, in attacking a hospital security guard, also indicated "a clear danger to the community and that no means other than detention would mitigate that danger to society."

¶ 9    That same day, October 17, 2023, the court entered a written order that defendant be detained. Defendant did not appeal that order.

¶ 10    Thereafter, on December 6, 2023, defendant, represented by new counsel, again filed a petition for pretrial release. In his petition, defendant noted only that he had been arrested before Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act, came into effect and, on March 5, 2023, he had bail set for his custody at $150,000, which he had not been able to pay, and consequently he remained in custody.

¶ 11    The court held a hearing on the defendant's petition that same day. Defense counsel argued that defendant had a young child and that, before he was detained, he was employed and he could return to that job if released. Counsel stated that it was defendant's belief that one of the predicate offenses for his armed habitual conviction "was unconstitutional" and that counsel was "trying to

verify that right now." Counsel argued that defendant was not a danger to the community and that electronic monitoring would mitigate any threat he poses.

¶ 12   In response, the State asked the court to incorporate its arguments from the October hearing. The State extensively set out the same factual proffer regarding the recovery of a 9-millimeter pistol with that extended magazine from defendant's person and the subsequent battery to the hospital security guard. Again, the State noted that defendant's criminal background included convictions for attempted murder and aggravated unlawful use of a weapon and that he was on parole at the time of the offense. The State further asserted that it did not "see any constitutional issues" with the predicate offenses, including "no *Aguilar* issues." See *People v. Aguilar*, 2013 IL 112116. Accordingly, the State requested that defendant continue to be detained.

¶ 13   In ruling, the court noted that it had considered the proffers of both parties and that, "[b]ased on the defendant's criminal background, and the facts of this case, the Court does find that the defendant's continued detention is necessary *** to provide for the safety of the community."

¶ 14   On December 19, 2023, defendant filed a notice of appeal seeking reversal of the trial court's December 6, 2023, "decision to continue to detain [defendant] pretrial" and requesting "release or release with conditions." Utilizing the form approved for Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023) appeals by defendants, defendant's claim of error consisted of four checked boxes.

¶ 15   First, defendant checked the box contending that the "State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged."

¶ 16    Second, defendant checked the box titled the "State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." On the lines below, defendant asserted:

> "With regards to the charge of Armed Habitual Criminal, the defendant *** is not accused of using or brandishing the weapon. When he was stopped and questioned he notified officers that he was armed. Additionally the aggravated battery is physical contact of an insulting or provoking nature. The facts of both cases do not tend to show that [defendant] is a risk to the public."

¶ 17    Third, defendant checked the box labeled "[t]he State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight." In the blanks below, defendant stated that the State "did not prove that the imposition of conditions such as *** electronic monit[o]ring or pretrial services curfew would not be sufficient to mitigate any threat to public safety or possible flight on part of Defendant."

¶ 18    Finally, defendant checked the box indicating that the "court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." In the space below, defendant stated that the State "did not prove that the imposition of conditions such as *** electronic monit[o]ring or pretrial services curfew would not be sufficient to ensure Defendant would not be subsequently charged with a felony or Class A misdemeanor."

6

¶ 19     The appeal is brought pursuant to Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act or Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023).

¶ 20     The Act amended the Code of Criminal Procedure of 1963 by abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). For qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence (1) that the proof is evident or the presumption great that the defendant has committed a qualifying offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), (2) that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and (3) that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)).

¶ 21     Following the initial pretrial detention hearing, the statute also imposes a continuing obligation for the court to assess whether continued detention is necessary at subsequent appearances. Specifically, the statute provides that, at each subsequent appearance, the court must find "that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022); *People v. Long*, 2023 IL App (5th) 230881, ¶ 15; *People v. Stokes*, 2024 IL App (1st) 232022-U, ¶ 36.

"Although this determination necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release, the [statute] does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing." *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13.

¶ 22 We recognize that there has been considerable disagreement among the five districts of the appellate court as to which standard of review applies to pretrial release orders. See *People v. Lee*, 2024 IL App (1st) 232137, ¶ 21. However, we need not determine which standard applies in this case, as the result would be the same under any standard.

¶ 23 In this appeal, defendant raises four claims of error. He contends that the State's October 2023 petition was untimely and that the circuit court lacked "statutory authority to hear and ultimately grant it." Defendant also asserts that the State failed to meet its burden of proving the three requirements for detention by clear and convincing evidence—that the proof is evident or the presumption great that defendant committed the offense charged, that defendant poses a real and present safety threat, and that no condition or combination of conditions of release could mitigate that threat.

¶ 24 Before reaching the merits of this case, we must consider our jurisdiction to hear this appeal. Although neither party has raised the issue of our jurisdiction, a reviewing court has an independent duty to consider its own jurisdiction. See *People v. Smith*, 228 Ill. 2d 95, 103-04, 106 (2008) ("[T]he ascertainment of its own jurisdiction is one of the two most important tasks of an appellate court panel when beginning the review of a case."); *People v. Lewis*, 234 Ill. 2d 32, 36-37 (2009).

¶ 25    Pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Dec. 7, 2023), when a party seeks to appeal an order granting or denying pretrial release, "[r]eview *shall* be by Notice of Appeal filed in the circuit court within 14 days of the entry or denial of the order from which review is being sought." (Emphasis added.) The filing of a notice of appeal "is the jurisdictional step which initiates appellate review." *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998). An untimely notice of appeal deprives the reviewing court of jurisdiction. See *Mitchell v. Fiat-Allis*, 158 Ill. 2d 143, 149-50 (1994); *In re Marriage of Singel*, 373 Ill. App. 3d 554, 556 (2007). Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obliged to dismiss it. See *People v. Anderson*, 375 Ill. App. 3d 121, 131 (2006); *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998) ("A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action.").

¶ 26    In this case, the trial court entered a written order after the initial pretrial hearing on October 17, 2023. Defendant had the option to appeal that order (see 725 ILCS 5/110-6.1(j) (West 2022)) but chose not to do so. Instead, defendant's notice of appeal in this case is from the December 6, 2023, order for his continued detention.

¶ 27    As stated above, at the initial hearing, the State has the burden to prove by clear and convincing evidence (1) that the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community or a likelihood of willful flight to avoid prosecution, and (3) that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1 (West 2022). At subsequent hearings, however, the court is not obligated to make the same findings, and instead, the court must find "that continued

detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022).

¶ 28 The issues that defendant purports to appeal—the timeliness of the State's petition for detention and whether the trial court properly found that the State had proven the three requirements for detention—are issues arising from the trial court's October 17, 2023, order, which this court lacks jurisdiction to review. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213, 217-18 (2009) (the timely filing of a notice of appeal is "both jurisdictional and mandatory," and appellate courts lack "the authority to excuse the filing requirements of the supreme court rules governing appeals"). Accordingly, we dismiss the defendant's appeal to the extent that it challenges the October order.

¶ 29 Defendant, however, asks us to review the timeliness of the State's petition "under plain error or ineffective assistance of counsel." He contends that, even if counsel "did not adequately raise this issue before the trial court," this court should review the issue because "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court," citing Illinois Supreme Court Rule 615. The problem, however, is not that the error was not brought to the attention of the trial court but that the defendant did not timely appeal, depriving this court of jurisdiction to consider such a claim, even under plain error. In support of his contention that plain error review should apply, defendant cites *People v. Smith*, 2016 IL App (1st) 140496, ¶ 15; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 23; and *People v. Brown*, 2023 IL App (1st) 231890, ¶ 12. However, in each of those cases, there was no jurisdictional impediment to considering the defendant's claim, because the defendants timely appealed.

¶ 30    Defendant also briefly asks this court to review the timeliness of the State's petition "under *** ineffective assistance of counsel," asserting that counsel was "ineffective for not moving to strike the State's petition." Defendant, however, provides no authority for how counsel's purported ineffectiveness could allow this court to review his claim, and we are aware of no such authority. To the contrary, where this court lacks jurisdiction over an appeal, we are obligated to dismiss it. See *Anderson*, 375 Ill. App. 3d at 131 ("It is an incontrovertible rule that a reviewing court has no jurisdiction over an appeal absent a properly filed notice of appeal ***.").

¶ 31    This court does, however, have jurisdiction to review the December 6, 2023, order requiring defendant's continued detention, for which defendant filed a timely notice of appeal. Accordingly, the only issue properly before this court is the trial court's finding "that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(i-5) (West 2022).

¶ 32    At the December 6, 2023, hearing on defendant's continued detention, the court heard arguments from defense counsel that defendant had a young child and that he was employed and could return to that job if released. The State asked the court to incorporate its arguments from the October hearing and extensively set forth the factual basis for defendant's charges of being an armed habitual criminal and the subsequent aggravated battery to the hospital security guard. The State also reminded the court of defendant's criminal background and the fact that he was on parole at the time of the offense.

¶ 33    In ruling, the court noted that it had considered the proffers of both parties and that, "[b]ased on the defendant's criminal background, and the facts of this case, the Court does find

11

that the defendant's continued detention is necessary *** to provide for the safety of the community."

¶ 34    Based on the circumstances presented here, we find no error in the trial court's determination that continued detention was necessary. The record shows that defendant has a significant criminal history, which includes attempted murder and aggravated unlawful use of a weapon. Moreover, the firearm that was found in defendant's waistband had an extended 33-round magazine. Defendant possessed that weapon in a public place, and he was on parole at the time of his arrest. The trial court specifically enunciated that the decision to detain was based on "the facts of this case."

¶ 35    Defendant, however, contends that the court erred in finding him dangerous because he was "not accused of using or brandishing the weapon." However, the armed habitual criminal offense, which defendant is alleged to have committed, is specifically aimed at the dangers associated with repeat felons possessing firearms. See *Lee*, 2024 IL App (1st) 232137, ¶ 28 (citing *People v. Martin*, 2018 IL App (1st) 152249, ¶ 23). Moreover, defendant, as a convicted felon, is explicitly prohibited from possessing a firearm. *People v. Davis*, 2023 IL App (1st) 231856, ¶ 28 ("[c]onvicted felons may not possess firearms" (citing 720 ILCS 5/24-1.1 (West 2022))). Accordingly, defendant's possession of a firearm "goes directly against the legislature's stated purpose of promoting and protecting the safety of the public from the unlawful possession of firearms by certain individuals." *Davis*, 2023 IL App (1st) 231856, ¶ 28 (citing 430 ILCS 65/1 (West 2022)). Additionally, the record reveals that defendant was carrying the loaded gun with an extended clip in his waistband. See *People v. Ross*, 229 Ill. 2d 255, 275 (2008) (explaining that "loaded guns" are part of a category of weapons that are "dangerous *per se*").

¶ 36    Moreover, defendant was on parole at the time that he was found in possession of the firearm. Defendant's history of failing to abide by prior conditions of release placed upon him, by possessing a weapon while prohibited from doing so, further suggests that continued detention is necessary to avoid the safety risk posed by defendant. See *Lee*, 2024 IL App (1st) 232137, ¶ 33.

¶ 37    Finally, the record shows that defendant punched a hospital security guard in the face and tried to bite him. Although defendant attempts to diminish those actions by arguing that he is only accused of making "physical contact of an insulting or provoking nature," the circumstances of that charge show that it was a violent act, lending further support to the conclusion that defendant poses a safety threat to the community.

¶ 38    Considering the record as a whole, including defendant's significant criminal background, his possession of a firearm in a public place and with an extended clip when he was prohibited from doing so under prior conditions of release, and his violent attack of a hospital security guard, we find no error in the trial court's conclusion that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of this case.

¶ 39    For the foregoing reasons, the portion of this appeal purporting to challenge the October 17, 2023, initial detention order is dismissed. The trial court's order of December 6, 2023, requiring defendant's continued detention, is affirmed.

¶ 40    Appeal dismissed in part and affirmed in part.

---

*People v. Hongo*, 2024 IL App (1st) 232482

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, Nos. 23-CR-380001, 23-CR-380401; the Hon. Thomas J. Byrne, Judge, presiding. |
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Rebecca A. Cohen, Assistant Public Defender, of counsel), for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Noah Montague, Assistant State's Attorney, of counsel), for the People. |