2024 IL App (1st) 240514-U

SIXTH DIVISION
May 24, 2024

No. 1-24-0514B

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 24 CR 1250 |
| | ) | |
| DONTA MCCALEB, | ) | Honorable |
| | ) | Joanne F. Rosado, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE C. A. WALKER delivered the judgment of the court.
Justices Hyman and Tailor concurred in the judgment.

**ORDER**

¶ 1   *Held:*   We affirm the circuit court's order continuing defendant's pretrial detention because the record supported a finding that his detention was necessary to protect against a real and present threat to the victims and community.

¶ 2   Defendant Donta McCaleb appeals from the circuit court's order continuing his pretrial detention per article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023) and Public Act 102-

1104, § 70 (eff. Jan. 1, 2023), arguing the court erred by continuing his detention because the State did not prove certain propositions by clear and convincing evidence. We affirm.

¶ 3                                    BACKGROUND

¶ 4      On January 15, 2024, McCaleb was arrested and charged, in relevant part, with aggravated battery with a deadly weapon (720 ILCS 5/12-3.05(f)(1) (West 2022)).

¶ 5      The State filed its pretrial detention petition on January 17, 2024. Therein, the State alleged that McCaleb, while on supervised release for a federal firearm offense, stabbed two victims with a knife, causing each to be hospitalized. Following a hearing, the circuit court granted the State's petition and detained McCaleb pending trial. The court also entered a pretrial detention order. Respecting whether the proof was evident or presumption great that McCaleb committed the alleged offenses, the court wrote that "witness and victim[s] T and L" all identified McCaleb as the man who stabbed the victims with a switchblade knife. Regarding the real and present threat McCaleb posed, the court wrote that he "used a knife and struck two people. No presented defense. [McCaleb] is 6' 1'' 350 lbs, the victims are both female. Use of a weapon indicates a real and present threat." Regarding whether a condition or combination of conditions could mitigate the threat McCaleb posed, the court wrote that he was on "supervised federal release for selling firearms," had two "prior gun cases," and used a weapon in the present case. Additionally, McCaleb knew "the victims and can locate them."

¶ 6      On February 20, 2024, McCaleb filed a "Petition to Grant Pretrial Release Under New Law." The petition did not allege any facts specific to his case. During an appearance before the circuit court that same day,[1] the court asked McCaleb, "My understanding is that you want to have a detention hearing; is that correct?" McCaleb answered affirmatively, and the court then held a

---

[1] Judge Rosado presided over the February 20, 2024, proceeding, while a different judge presided over the January 17, 2024 proceeding, and entered the initial pretrial detention order.

hearing. During the hearing, the State proffered regarding McCaleb's continued detention that Pretrial Services concluded McCaleb's "[n]ew criminal activity scale" was 2, his "[f]ailure to appear scale" was 3, and their recommendation was "release with pretrial monitoring." The State further proffered that during the incident, McCaleb and his girlfriend were arguing near his vehicle outside of a party. Victim 1 approached the vehicle to retrieve something, having traveled to the party with the couple. While Victim 1 did so, McCaleb grabbed her hair. She freed herself and called for help, and Victim 2 and another witness responded and approached the vehicle. McCaleb spat on Victim 1, then "produced a knife and slashed Victim 1 [on] the shoulder." He then tried to stab Victim 2 in the chest, but she "was able to grab hold of his hand and prevent that knife from fully entering her chest." McCaleb fled in his vehicle. At some point, both victims and the witness identified McCaleb as the offender. Victim 1 suffered a shoulder laceration requiring stitches, while Victim 2 sustained multiple small lacerations to her fingers and one to her chest.

¶ 7 The State further relayed that at the time of the incident, McCaleb was on supervised release for a 2017 federal firearms conviction. He also had four prior misdemeanor convictions, including one for firearm possession, and "four bond forfeiture warrants." Based on this record, the State contended "the initial order of detention is absolutely appropriate."

¶ 8 Defense counsel proffered that McCaleb had full-time employment at the time of his arrest and lived with his seven-year-old niece, for whom he was essentially the "sole caretaker," and his grandmother. He also helped his elderly neighbors. The incident allegedly occurred in August 2023, but he was not arrested until January 2024. McCaleb stayed in Chicago during this gap, in which there were no allegations of continued contact with the victims. Counsel maintained McCaleb had a strong self-defense claim for trial, and "pretrial monitoring" was appropriate.

¶ 9    The circuit court continued McCaleb's detention. In so finding, the court stated, "the State has proven by clear and convincing evidence that the proof is evident and the presumption great" that McCaleb stabbed both victims. The court further found he posed a real and present threat, citing the alleged violent acts that constituted the crime and his prior firearm convictions, then concluding, "He does know the victims. He slashed two victims resulting in stitches and multiple injuries. He's a danger to the community at large." Regarding mitigating conditions, the court stated, "he would not be a candidate for electronic monitoring as being on supervised release itself did not stop him from picking up an additional case where a deadly weapon, a knife, was used resulting in two victims being injured."

¶ 10    Following McCaleb's February 20, 2024 court appearance, the circuit court entered another pretrial detention order. In that order, regarding whether McCaleb posed a real and present threat, the court recounted the State's proffered facts regarding the attack and the victims' injuries. Respecting mitigating conditions, the court wrote, "[defendant] was on federal supervised release for selling guns, he has a gun possession in his background, [defendant] knows the [victims] and he slashed the two victims resulting in stitches and multiple injuries, he is a danger to the community at large." The court continued that McCaleb was "not a candidate for [electronic monitoring because] being on supervised release *** did not prevent him from a new case, resulting in [two] victims with injuries."

¶ 11    On March 1, 2024, McCaleb filed his notice of appeal from the February 20, 2024 order, arguing the State failed to establish by clear and convincing evidence that: (1) the proof was evident or presumption great that he committed the offense, because there was no direct evidence tying him to the crime and the victims only identified him in a photo array five months after the alleged incident; (2) he posed a real and present threat, because "the State failed to prove that

4

[McCaleb] even committed the alleged offenses, so it could not further prove that he poses a real and present threat"; and (3) no condition or combination of conditions existed to mitigate any threat he posed, because five months had elapsed after the alleged attack without incident, "[a] number of conditions could clearly mitigate any perceived threat," and the State failed to show he had a "history of failing to comply with court orders."

¶ 12                                    JURISDICTION

¶ 13     The circuit court entered its order continuing McCaleb's detention on February 20, 2024, and he filed his notice of appeal on March 1, 2024. Accordingly, this court has jurisdiction per the Code. See 725 ILCS 5/110-6.1(j) (West 2022); Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023).

¶ 14                                     ANALYSIS

¶ 15     On appeal, McCaleb contends that at the February 20, 2024 proceeding, the State did not establish by clear and convincing evidence that (1) the proof was evident or presumption great that he committed the charged offense, (2) he posed a real and present threat to the victim, victims, or community, and (3) no condition or combination of conditions could mitigate any threat he posed.

¶ 16     A criminal defendant is presumed eligible for pretrial release and cannot be detained pending trial unless the State files a pretrial detention petition. 725 ILCS 5/110-6.1(a)(1)-(8), (e) (West 2022). After the State files the petition, the circuit court must conduct a pretrial detention hearing, during which the parties can proceed by way of proffer to present the anticipated evidence of the case. *Id.* § 110-6.1(c)(2), (e), (f)(2). At the hearing, the State bears the burden to establish by clear and convincing evidence that, in relevant part, (1) "the proof is evident or the presumption great that the defendant has committed" a qualifying offense; (2) the defendant poses a "real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case"; and (3) "no condition or combination of conditions" can mitigate the

5

threat the defendant poses. *Id.* § 110-6.1(e)(1)-(3). In determining whether a defendant poses a real and present threat, the Code provides that a circuit court may consider certain factors, including the nature of the charged offense; the identity of the victim(s); whether the defendant has access to weapons; and whether the defendant was on "probation, parole, aftercare release, mandatory supervised release or other release from custody" at the time of the alleged offense. *Id.* § 110-6.1(g)(1), (3), (7)-(8).

¶ 17    If the circuit court grants the State's petition, it must issue a written detention order "summarizing the court's reasons for concluding that the defendant should be denied pretrial release." *Id.* § 110-6.1(h).

¶ 18    If a defendant is detained pretrial, the "statute also imposes a continuing obligation for the court to assess whether continued detention is necessary." *People v. Hongo*, 2024 IL App (1st) 232482, ¶ 21. Specifically, the statute requires, "At each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022). At a subsequent appearance, the State need not make the factual showings required at the initial pretrial detention hearing, and the statute does not assign either party a burden of proof regarding the continued detention finding. *Id.*; *Hongo*, 2024 IL App (1st) 232482, ¶ 27.

¶ 19    While the standard of review for claims arising from the Code remains unsettled, we believe a two-tiered standard is appropriate, under which the circuit court's findings of fact are reviewed under the manifest weight of the evidence standard, but the ultimate decision regarding pretrial detention is reviewed for abuse of discretion. *People v. Johnson*, 2024 IL App (1st) 240154, ¶ 16.

An abuse of discretion occurs "when the circuit court's decision is 'arbitrary, fanciful or unreasonable,' or where 'no reasonable person would agree with the position adopted by the trial court.' " *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9 (quoting *People v. Becker*, 239 Ill. 2d 215, 234 (2010)).

¶ 20 There is a similar dispute regarding whether the circuit court's continued detention decision following subsequent appearances should be reviewed under the manifest weight or abuse of discretion standard. Compare *People v. Alcantara*, 2024 IL App (5th) 240195-U, ¶ 33 (manifest weight), with *People v. Casey*, 2024 IL App (3d) 230568, ¶¶ 11-13 (abuse of discretion). Consistent with the two-tiered approach, we believe a circuit court's decision on whether continued detention is necessary is subject to abuse of discretion review. The court in *Casey*, faced with an analogous situation to ours here, helpfully explained that the factual findings we review for manifest weight of the evidence are not at stake at a subsequent appearance:

"Although [the continued detention] determination necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release, the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing. As defendant did not appeal from the court's granting of the State's petition for denial of pretrial release, the questions relating to whether the State proved each of the three propositions by clear and convincing evidence during that initial hearing are not before us. Instead, the only question we consider is whether the court abused its discretion in finding that continued detention was necessary." *Casey*, 2024 IL App (3d) 230568, ¶ 13.

7

¶ 21    At the outset, we note that McCaleb's primary arguments all fail because they are based on the faulty premise that at the February 20, 2024 proceeding, the State had the burden to establish the three factual findings listed in section 110-6.1(e)(1)-(3) of the Code (725 ILCS 5/110-6.1(e)(1)-(3) (West 2022)) by clear and convincing evidence. The State only needed to make those showings at the initial pretrial detention hearing, which occurred on January 17, 2024. *People v. Harris*, 2024 IL App (2d) 240070, ¶ 37 ("subsequent determinations are not subject to every statutory requirement that applies to initial detention hearings"); *Casey*, 2024 IL App (3d) 230568, ¶ 13. To challenge whether the State made those required initial showings by clear and convincing evidence, McCaleb needed to appeal from the circuit court's January 17, 2024, order, which he did not do. See *Hongo*, 2024 IL App (1st) 232482, ¶¶ 24-31; *Casey*, 2024 IL App 3d 230568, ¶¶ 11-13.

¶ 22    We acknowledge that the circuit court may have confused McCaleb by not explicitly making the "continued detention" finding required by the Code (see 725 ILCS 5/110-6.1(i-5) (West 2022)) on February 20, 2024, and instead conducting that hearing as if it were an initial pretrial detention hearing. In light of this fact, and the record before us, we do not believe remand for a new proceeding so that the court may make an explicit "continued detention" finding is necessary or appropriate. It is sufficiently clear from the record that the court believed McCaleb's detention was necessary to protect against a real and present threat, and McCaleb's notice of appeal contains argument as to why he does not actually pose that threat. Accordingly, we find McCaleb presents a cognizable claim that the circuit court abused its discretion by finding his continued detention was necessary to protect against the real and present threat he posed to the victims or the community, per section 110-6.1(i-5) of the Code (725 ILCS 5/110-6.1(i-5) (West 2022)).

¶ 23   Turning to the merits of McCaleb's single re-framed claim on appeal, we find the circuit court did not abuse its discretion in finding that McCaleb's continued detention was necessary to protect against a real and present threat. The State proffered that McCaleb stabbed two victims during the incident, both of whom he knew, and that he did so while on supervised release from a federal firearms conviction. Moreover, McCaleb had a criminal history of multiple prior convictions, including firearm offenses, along with a history of four bond forfeiture warrants. This record supports a finding, based on the specific articulable facts of his case, that McCaleb's continued detention was necessary because he posed a danger per the criteria listed in the Code– he's alleged to have committed a violent offense, against victims with whom he was familiar, while on supervised release, and could have access to weapons based on the alleged use of a weapon during the offense and his criminal record containing previous weapon offenses. See 725 ILCS 5/110-6.1(g)(1), (3), (7)-(8) (West 2022).

¶ 24   McCaleb argues that he did not engage in any problematic conduct in the gap of time between the incident and his arrest, which suggests his release does not pose a real and present threat. This argument fails because it does not account for the deference we owe the circuit court. See *People v. Smith*, 2022 IL 127946, ¶ 47 (abuse of discretion is a "highly deferential" standard of review). While this factor could be a relevant consideration, and may have convinced a different circuit court, the record also contained multiple relevant factors supporting a dangerousness finding (as explained above). Accordingly, because the court's conclusion was based on relevant considerations, and thus not unreasonable, arbitrary, or fanciful, reversal would be inappropriate even if this court would have balanced the factors differently. See *People v. Davis*, 2023 IL App (1st) 231856, ¶ 32; *Simmons*, 2019 IL App (1st) 191253, ¶ 9. McCaleb's citation to the Pretrial Services recommendation of release with monitoring also fails for this reason; while relevant, this

recommendation is not mandatory or determinative in and of itself, and we must defer to the court's reasonable balancing of that recommendation alongside the other relevant factors. See *People v. Nunez*, 2024 IL App (1st) 232070-U, ¶¶ 22-23 (explaining that a pretrial services recommendation only assists the court and does not control).

¶ 25    McCaleb also argues his continued detention is unnecessary because he has no history of violating court orders. This argument is positively rebutted by the State's proffer that McCaleb's record contains multiple court violations, including four bond forfeiture warrants, along with the violation of the terms of his supervised release by allegedly committing the current offense. McCaleb does not dispute that this is an accurate representation of his record (beyond maintaining his innocence in the present case).

¶ 26    Finally, to the extent McCaleb can be understood to argue his continued detention was unnecessary because mitigating conditions existed to alleviate the real and present threat he posed, we find this argument also fails. At the February 20, 2024 hearing, the circuit court directly contemplated pretrial release with mitigating conditions, and found they were inappropriate. Specifically, the court explained that McCaleb was not a candidate for electronic monitoring because he knew the victims, had demonstrated a willingness to disobey court orders, and engaged in violent conduct while on supervised release, all suggesting electronic monitoring would not sufficiently protect against the threat of future violent conduct. This conclusion is supported by the record and consistent with Illinois law, and thus not unreasonable, arbitrary, or fanciful. See *People v. York*, 2024 IL App 1st 240308-U, ¶ 34 (electronic monitoring may not be appropriate where a defendant has demonstrated the willingness to participate in violent conduct); see also

10

*People v. Villareal*, 2023 IL App (2d) 230313-U, ¶ 14 ("knowing where a defendant is located does little to prevent" the threat of future violence to a specific person known to the defendant).[2]

¶ 27                                CONCLUSION

¶ 28    The circuit court's decision to continue McCaleb's detention was supported by the record, and thus did not constitute an abuse of discretion.

¶ 29    Affirmed.

---

[2] McCaleb also broadly claims "multiple [mitigating] conditions" could apply without elaboration, a claim we will not consider because it improperly places the burden of research and argument on this court. See *People v. Macias*, 2015 IL App (1st) 132039, ¶ 88.