2024 IL App (2d) 240424-U
No. 2-24-0424
Order filed October 23, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | No.   23-CF-1260 |
| JEROME E. AMES, | ) ) ) | Honorable Donald M. Tegeler, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in denying the defendant's motion for pretrial release as its determination that there were no conditions that could mitigate the defendant's threat of dangerousness if he was released was not against the manifest weight of the evidence.

¶ 2   The defendant, Jerome E. Ames, appeals from the trial court's order denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes informally called the Pretrial Fairness Act (Act).  See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various

provisions of P.A. 101-652); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). We affirm.

¶ 3                                                  I. BACKGROUND

¶ 4      In 2023, the defendant was charged with several counts of criminal conduct, including unlawful possession of a controlled substance (cocaine) with intent to deliver (720 ILCS 670/401(c)(2) (West 2022)), unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)) and resisting a peace officer (*id.* § 5/31-1(a)(1) (West 2022)). Following the defendant's arrest, the trial court set bail, but the defendant was unable to pay it. He therefore remained in custody.

¶ 5      On July 9, 2024, the defendant filed a motion for pretrial release. The State responded with a petition to deny the defendant pretrial release. On July 17, 2024, the trial court conducted a hearing. The State proffered evidence that an Elgin police officer had observed the defendant make a "hand-to-hand transaction" in "a high-crime area." After the defendant was stopped for a traffic violation, the police discovered a loaded 9 mm handgun in the trunk underneath a man's jacket and next to a backpack that held documents belonging to the defendant. The police discovered in the defendant's pocket a plastic bag holding eight rocklike pieces, about two grams, that field-tested positive for cocaine.

¶ 6      The defendant's wife, Stephanie Sullivan, said that the gun was hers and that she had a FOID card. She stated that she had not left the gun in the car, and she believed it was at her house or her father's house. She knew that the defendant had a prior felony conviction, and she did not allow him to possess the gun.

¶ 7    The defendant had been previously convicted of attempted murder for which he received an eight-year sentence. He was released from prison in 2015 and completed mandatory supervised release.

¶ 8    Defense counsel argued that the gun was in a locked trunk and that the defendant was not the owner of the car. Defense counsel also stressed that the case was over a year old and that the State had still not tested the gun for fingerprints or DNA. In response, the State argued that the defendant would not comply with conditions, evidenced by his illegal possession of a gun. The State also asserted that the defendant could not be placed on GPS because he did not live in Kane County.

¶ 9    At the close of the hearing, the trial court denied the defendant's motion for pretrial release. The trial court found that there was sufficient evidence that the defendant had committed a gun offense and that he posed a real and present danger to the community. The trial court determined that lesser conditions than detention would be insufficient. The trial court found that the defendant was not eligible for electronic home monitoring because he did not live in Kane County. The trial court also stated that the defendant returning home to live with his wife was not "a suitable option" because the defendant had taken a gun from her without her knowledge. The trial court elaborated that it had "not heard of anything *** that would alleviate the concern that I have for the community at large of this man potentially carrying a loaded weapon."

¶ 10    Following the denial of his motion for relief, the defendant filed a timely notice of appeal.

¶ 11                                II. ANALYSIS

¶ 12    In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq.* Under the Code, as amended by the Act, a defendant's

pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 13 Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) the defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question ***." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 14 We review the trial court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Specifically, we review under the manifest-weight-of-the-evidence standard the trial court's factual findings as to dangerousness, flight risk, and whether conditions of release could mitigate those risks. *Id.* A finding is against the manifest weight of the evidence only where it is unreasonable or not based on the evidence presented. *Id.* We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion also occurs only when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.*

¶ 15 The defendant does not challenge on appeal the trial court's finding that the State met its burden on the first proposition—whether the proof was evident, or the presumption was great, that he committed a detainable offense. The defendant also does not challenge the second

proposition—that he posed a real and present threat to the safety of any person or anyone in the community. Rather, he challenges only that the trial court's determination that he posed a danger that could not be mitigated. In so arguing, he contends that the trial court erred in shifting the burden to him rather than the State as to whether such mitigating conditions existed.

¶ 16 Where the trial court finds that the State proved a valid threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a)(1)-(6) (West 2022). In reaching its determination, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the threat the defendant poses to any person or the community. *Id.*

¶ 17 Here, the trial court considered all the relevant factors in determining that conditions less than pretrial detention would be insufficient. The trial court noted that a loaded weapon had been found in the car the defendant had been driving. As the defendant was a convicted felon who had served eight years in prison for attempted murder, the trial court found that the defendant knew that he was not supposed to have a gun. The defendant's possession of a gun demonstrated that he was a danger to the community. See *People v. Lee*, 2024 IL App (1st) 232137, ¶ 27 (noting "the inherent dangerousness of firearms, particularly when they are in the possession of those who have been prohibited from possessing them"); see also *People v. Hongo*, 2024 IL App (1st) 232482, ¶ 36 (the defendant's possession of a weapon while prohibited from doing so "suggests that continued detention is necessary to avoid the safety risk posed by the defendant").

¶ 18    The trial court found that if the defendant were to be released, the record indicated that the defendant would return home to live with his wife. The trial court found this was a bad option because (1) the defendant did not live in Kane County, which meant he would not be subject to electronic home monitoring and (2) the record suggested he had taken a gun from his wife without her knowledge. Although the defendant argues that the trial court's reference to his wife improperly shifted the burden to him to prove that his wife would not provide him with a gun, we do not interpret the trial court's comments as such. Rather, we believe the trial court's comments demonstrate its concern that if the defendant was allowed to return home, he would be returning to the same situation in which he lived at the time he committed the offenses. Accordingly, the trial court did not err in finding that no conditions of release could mitigate the defendant's threat of danger.

¶ 19                              III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 21    Affirmed.