2024 IL App (1st) 240607-U

No. 1-24-0607

Order filed December 31, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SIVASUBRAMANI RAJARAM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CH 1641 |
| | ) | |
| RETIREMENT BOARD OF THE COUNTY | ) | |
| EMPLOYEES' AND OFFICERS' ANNUITY | ) | |
| AND BENEFIT FUND OF COOK COUNTY | ) | |
| AND EX OFFICIO FOR THE FOREST | ) | |
| PRESERVE DISTRICT EMPLOYEES' | ) | |
| ANNUITY AND BENEFIT FUND OF COOK | ) | |
| COUNTY, | ) | Honorable |
| | ) | David B. Atkins, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1  *Held*: We dismiss the appeal for lack of jurisdiction where plaintiff failed to timely file a notice of appeal.

¶ 2    Plaintiff Sivasubramani Rajaram appeals *pro se* from the circuit court's order dismissing his *pro se* complaint for administrative review of a decision by the Retirement Board of the County Employees' and Officers' Annuity and Benefit Fund of Cook County (Board) as untimely. On appeal, Rajaram contends that he told the Board he would be out of the country and "unavailable" to receive the decision. We dismiss.

¶ 3    We set forth only the facts necessary to understand the issues on appeal.

¶ 4    Rajaram was employed by the Office of the Clerk of the Circuit Court of Cook County from 2000 to 2011, and from 2014 to 2016.

¶ 5    On June 16, 2022, Rajaram filed an application for annuity benefits with the County Employees' and Officers' Annuity and Benefit Fund.

¶ 6    On November 3, 2022, the Board determined that Rajaram forfeited his annuity due to a felony conviction for perjury based upon his denial during grand jury testimony of certain communications with an elected public official and/or her spouse before and after he returned to work at the office of the Clerk of the Circuit Court of Cook County. See 40 ILCS 5/9-235 (West 2022)).

¶ 7    Attached to the decision was a certificate of service, stating that the decision was sent by Federal Express on November 4, 2022, to Rajaram's address on Kennedy Drive in Des Plaines, Illinois.

¶ 8    A letter dated November 3, 2022, was also sent by Brent Lewandowski, the Board's interim executive director, to Rajaram at the Kennedy Drive address via Federal Express and United States Postal Service First Class Delivery. The letter stated that if Rajaram wished to dispute the Board's decision, he must seek administrative review in the circuit court within 35 days of the date that the

letter was sent to Rajaram's "last known residence" and that the failure to act within the relevant time limit may preclude Rajaram's right to a review of the Board's decision.

¶ 9      On January 9, 2023, Rajaram sent a letter to the Board asking for reconsideration, stating that he was abroad between October 19, 2022, and December 20, 2022, and therefore unable to file a "dispute" with the Board within 35 days.

¶ 10     In a February 3, 2022, letter the Board denied Rajaram's request for reconsideration, noting that his "failure to take steps to ensure that [he] received the decision in a timely manner in order to perfect any appeal rights" was an insufficient basis for reconsideration.

¶ 11     On February 21, 2023, Rajaram filed a *pro se* complaint for administrative review in the circuit court requesting his pension for the years 2000 to 2011.

¶ 12     On October 25, 2023, the circuit court found that it lacked jurisdiction because Rajaram's complaint for administrative review was not filed until February 21, 2023, more than 35 days after the Board's November 3, 2022, decision. The court noted Rajaram's equitable arguments, but found that it had no authority to grant an exception because actions for administrative review were "creatures of statute." The court therefore dismissed the complaint with prejudice in its entirety, a "final and appealable order."

¶ 13     On March 21, 2024, Rajaram filed a *pro se* motion for leave to file a late notice of appeal in this court, seeking review of the circuit court's October 25, 2023, order. On March 29, 2024, this court granted Rajaram leave to file a late notice of appeal.

¶ 14     Before addressing the merits of this appeal, we must determine our jurisdiction. See *Johnson v. Fuller Family Holdings, LLC*, 2017 IL App (1st) 162130, ¶ 23 ("We have an independent duty to consider the issue of jurisdiction and dismiss the appeal where our jurisdiction

is lacking."). Without jurisdiction, we cannot consider the merits of an appeal. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009).

¶ 15    "A final decision, order, or judgment of the Circuit Court, entered in an action to review a decision of an administrative agency, is reviewable by appeal as in other civil cases." See 735 ILCS 5/3-112 (West 2022).

¶ 16    In civil cases, an appellant must file a notice of appeal within 30 days of judgment, "or, if a timely posttrial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). When a party fails to file a timely notice of appeal, this court may permit a late notice of appeal if that notice is filed "within 30 days after expiration of the time for filing a notice of appeal." Ill. S. Ct. R. 303(d) (eff. July 1, 2017).

¶ 17    "[T]he timely filing of the notice of appeal is the only jurisdictional step required to perfect the appeal." *Oruta v. Biomat USA, Inc.*, 2017 IL App (1st) 152789, ¶ 5; see also *Secura Insurance Co.*, 232 Ill. 2d at 213 ("The timely filing of a notice of appeal is both jurisdictional and mandatory."). "An untimely notice of appeal deprives the reviewing court of jurisdiction." *People v. Hongo*, 2024 IL App (1st) 232482, ¶ 25.

¶ 18    Here, the circuit court dismissed Rajaram's *pro se* complaint for administrative review on October 25, 2023. There is no indication in the record that Rajaram filed a postjudgment motion directed at the court's October 25, 2023, order. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Rajaram therefore had until Monday, November 27, 2023, to file a timely notice of appeal in the

circuit court.[1] There is no indication in the record on appeal that Rajaram filed a timely notice of appeal in the circuit court. Rather, Rajaram filed a motion for leave to file a late notice of appeal in this court on March 21, 2024.

¶ 19 In civil cases, an appellant may move in the reviewing court for leave to file a late notice of appeal within 30 days following the expiration of time to file a timely notice of appeal. Ill. S. Ct. R. 303(d) (eff. July 1, 2017). Rajaram's time to file a timely notice of appeal expired on November 27, 2023. Thirty days following that date was December 27, 2023. Rajaram's *pro se* motion for leave to file a late notice of appeal, filed in this court on March 21, 2024, was untimely. See *id*.

¶ 20 We therefore lack jurisdiction to consider this appeal and must dismiss it. See *Hongo*, 2024 IL App (1st) 232482, ¶ 25 ("An untimely notice of appeal deprives the reviewing court of jurisdiction."). Accordingly, the order permitting the late notice of appeal was improvidently granted. See *People v. Lyles*, 217 Ill. 2d 210, 220 (2005) ("[T]he appellate court must enforce the [supreme court] rules as written.").

¶ 21 For the foregoing reasons, our order of March 29, 2024, permitting leave to file a late notice of appeal is vacated, and the appeal is dismissed.

¶ 22 Appeal dismissed.

---

[1] Because 30 days after October 25, 2023, fell on Friday, November 24, 2023, the day after Thanksgiving and a court holiday, the filing deadline became the next business day. See 5 ILCS 70/1.11 (West 2022) (the time within which any act is to be done includes the last day, unless that day is a Saturday, Sunday, or holiday).